| | | |
|---|---|---|
| **CINDY WILLIAMS** | * | **NO. 2019-CA-0116** |
| **VERSUS** | * | **COURT OF APPEAL** |
| **NORMAN S. HALEY** | * | **FOURTH CIRCUIT** |
| | * | **STATE OF LOUISIANA** |
| | * | |
| | * | |

\* \* \* \* \* \* \*

**CONSOLIDATED WITH:**

**CINDY H. WILLIAMS**

**VERSUS**

**NORMAN S. HALEY**

**CONSOLIDATED WITH:**

**NO. 2019-CA-0479**

**ATKINS, J., CONCURS IN THE RESULT**

*DNA*

I concur with the majority that the motion to strike should be denied. The granting of motion to strike is a drastic remedy that is only proper when the allegations being challenged are so unrelated to the plaintiff's claims that they do not warrant consideration and are prejudicial to the moving party. *Gebre v. City of New Orleans*, 2014-0904, p. 12, n. 7 (La. App. 4 Cir. 10/7/15), 177 So.3d 723, 733 (citing *Carr v. Abel*, 2010-0835, pp. 7-8 (La. App. 5 Cir. 3/29/11), 64 So.3d 292, 296). While I find this remedy is not appropriate here, I also note that many of Ms. Williams' statements on appeal that Mr. Haley "body slammed" her are not substantiated by the record.